## Case No. 14,828.

### UNITED STATES v. COHN.

[See Case No. 14,827.]

## Case No. 14,829.

### UNITED STATES v. COIT.

[1 Car. Law. Repos. 346.]

District Court, D. New York. August, 1812.

SUMMONING OF JURY—DUTIES OF MARSHAL.

[A challenge to the array is properly sustained when it appears that the marshal summoned the jury without any designation by the court of the part of the district from which they were to be summoned, and not according to the mode of forming juries to serve in the highest court of law in the state.]

It has been the practice of the marshal of this district to select the jury, both as to the individuals who were to serve on it and the part of the district from which they were to come, at his own pleasure. In other words, it was completely in the power of the marshal to return at any time just such a jury as would answer the purposes of government, or of any of the officers of government having an interest in the cause to be tried. This power in the hands of a marshal disposed to use it for improper purposes is so manifestly dangerous to public liberty and private security that congress actually legislated on the subject, and directed that juries should be returned from such part of the district as the court should direct, so as should be most favorable to an impartial trial, and to avoid unnecessary expense, or unduly burthening the citizens of any part of the district with such services; and that they should be designated in each district respectively, according to the mode of forming juries to serve in the highest courts of law therein, so far as such mode should be practicable. Notwithstanding these plain and positive directions of the act of congress, the marshal has for years persevered in summoning such jurors as he at his pleasure thought fit, and from such parts of the district as suited his own views of propriety or convenience.

In the causes of the United States against Mr. Coit, for an alleged breach of some bonds executed by him as surety, during the first embargo, and which were noticed for trial at the above court, the counsel for the defendant, upon the district attorney's moving to bring on one of the causes, filed a challenge to the array, because the marshal had summoned the jury upon his own mere arbitrary will and pleasure, without any designation by the court of the part of the district from which they were to be summoned, and because the

jury had not been summoned according to the mode of forming juries to serve in the highest court of law in this state, altho' it was practicable so to have summoned them. To this challenge the district attorney demurred, and the defendant's counsel joined in demurrer.

Sandford, Dist. Atty., D. B. Ogden, and Baldwin, for the United States.

Messrs. Brinckerhoff, Wells, Colden, Hoffman, and Emmett, for defendant.

The question was very fully argued by the counsel on both sides; and VAN NESS, District Judge, having taken time to consider of it, delivered his opinion in favor of the challenge, upon both points. The array was accordingly quashed and the jury discharged. The judge had reduced his opinion to writing. It was very ably drawn up, and the subject examined and discussed with remarkable clearness, precision and force. He shewed, not only from the acts of congress particularly applicable to this subject, but from a view of the whole judiciary system of the United States, that it was the intention of congress to conform the proceedings of the United States courts as nearly as possible to those of individual states respectively. By this decision, the valuable right of an impartial trial by jury, than which none is of more vital importance to the administration of justice, is secured to the citizens of this state in the district court, whose rights are no longer left to depend upon the will of an individual, but on the due execution of those laws, which, calculated to guard against abuse and oppression, have provided in our state courts for the selection of juries by ballot from all those who are qualified to serve.

It is proper here to add, in order to avoid mistake, that the counsel for the defendant did not impute to the marshal any improper conduct or design in summoning the jury in question, nor did the challenge involve any objections to the individuals composing the jury: It proceeded wholly upon the ground that the mode by which the jury had been summoned and returned was wrong in principle, and that the practice which had hitherto prevailed, was in violation of express and positive laws, whose strict observance was a matter in which even the humblest individual in the community had a deep interest.